UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
KAREEM HASSAN,

                            Plaintiff,

                -against-

Police Officer SALVATOR DESIANO, Shield No. 1870; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

13 CV 6794 (ENV) (MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Kareem Hassan ("plaintiff" or "Mr. Hassan") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Salvator Desiano, Shield No. 1870 ("Desiano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Desiano is sued in his individual and official capacities in connection with the incident November 1, 2012.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*November 1, 2012 Arrest*

11. At approximately 10:50 p.m. on November 1, 2012, plaintiff was lawfully in the vicinity of Third Avenue and 86th Street in Brooklyn, New York.

12. Mr. Hassan and a group of friends were leaving a memorial at the parents' home of a friend who had died years prior.

13. As Mr. Hassan and the others were outside posing for a group picture for the father of the slain boy, defendants stopped their police vehicle, got out and aggressively approached the group.

14. Without reasonable suspicion, defendants demanded the identification of the individuals.

15. Mr. Hassan asked why they needed to present their identifications if they were doing nothing illegal.

16. Suddenly defendants threw Mr. Hassan to the ground, beat him with closed fists and pepper sprayed him as he lay on the ground helpless.

17. Plaintiff was taken to the 68th Precinct.

18. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in disorderly conduct, obstructing governmental administration and resisting arrest, and prepared false paperwork including an arrest report.

19. At no point did the officers observe Mr. Hassan engage in criminal activity.

20. Mr. Hassan was taken to Brooklyn Central Booking.

21. Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were immediately adjourned in contemplation of dismissal.

22. After approximately twenty-four hours in custody, Mr. Hassan was released.

*December 25, 2013 Arrest*

23. At approximately 9:30 p.m. on Christmas night, plaintiff was lawfully in the vicinity of Third Avenue and Ovington Avenue in Brooklyn, New York.

24. Mr. Hassan was leaving a bodega when defendants approached him and demanded his identification.

25. When Mr. Hassan asked why he had to produce identification defendants refused to answer and demanded his identification again.

26. Mr. Hassan complied and again asked why he was required to produce identification.

27. With no explanation and without probable or arguable probable cause, defendants searched, handcuffed and arrested Mr. Hassan.

28. Plaintiff was taken to the 68th Precinct.

29. At the precinct the officers falsely informed employees of the Kings

County District Attorney's Office that they had observed plaintiff engage in disorderly conduct and prepared false paperwork including an arrest report.

30. At no point did the officers observe Mr. Hassan engage in any criminal activity.

31. Mr. Hassan was taken to Brooklyn Central Booking.

32. Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were immediately adjourned in contemplation of dismissal.

33. After approximately 17 hours in custody, Mr. Hassan was released.

34. Mr. Hassan suffered damage as a result of defendants' actions in both incidents. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against plaintiff.

46.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

47.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

51. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

52. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### SIXTH CLAIM
### Failure To Intervene

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

-9-

55.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

56.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: March 21, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*